**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| EDWARD LEE HAM, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.:  7:24-CV-00087-WLS-ALS |
| | : | |
| ATTORNEY GENERAL, | : | |
| STATE OF GEORGIA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER**

Petitioner Edward Lee Ham, proceeding *pro se*, has filed a petition for a writ of habeas corpus in which he challenges his 1993 criminal conviction in the Thomas County Superior Court for two counts of aggravated sodomy[1] and two counts of child molestation.  (Doc. 1). Petitioner is not presently incarcerated in any correctional facility but is on probation for this conviction.[2]  (*Id*. at 1, 9). For purposes of this dismissal alone, Petitioner will be allowed to proceed without prepayment of the $5.00 filing fee.

---

[1] Although Petitioner states on page one of his petition that he was convicted of two counts of aggravated child molestation, a review of Petitioner's attached record from the Superior Court of Thomas County (page 12), Petitioner's appeal of his conviction to the Georgia Court of Appeals (*Hamm v. State*, 214 Ga. App. 705, 448 S.E.2d 773 (1994)) and his previous federal habeas petition (*Ham v. Owens*, 7:10-cv-40-HL-TQL (M.D. GA. Feb. 9, 2011)) reveals that he was convicted of two counts of aggravated sodomy, not aggravated child molestation as well as for two additional counts of child molestation.

[2] "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody*' in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (citing 28 U.S.C. § 2241(c)(3)) (emphasis in original). The United States Supreme Court has interpreted this language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91. The "in-custody" requirement is jurisdictional. *Llovera-Linares v. Florida*, 559 F. App'x 949, 951 (11th Cir. 2014) (per curiam) (citing *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988)).  A petitioner does not necessarily need to be incarcerated to meet the "in custody" requirement, however; "[i]n the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail." *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) (per curiam) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)).

1

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 4 provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of the Court's records reveals that Petitioner previously filed a § 2254 petition in this Court challenging his 1993 Thomas County Superior Court conviction for two counts of aggravated sodomy and two counts of child molestation.  *See* Doc. 1 in *Ham v. Owens*, 7:10-cv-40-HL-TQL (M.D. GA. Feb. 9, 2011).  In that civil action, the District Court adopted the Report and Recommendation of the United States Magistrate Judge and dismissed Petitioner's federal habeas corpus petition because it was untimely.  *See* Doc. 21 in *Ham v. Owens*, 7:10-cv-40-HL-TQL (M.D. GA. Feb. 9, 2011).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner.  Furthermore, Petitioner's previous petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely.  *Hutcherson v. Riley*, 468 F.3d 750, 752, 755 (11th Cir. 2006); *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (per curiam) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred.").  The current petition is, therefore, second or successive.

It does not appear, and Petitioner does not show, that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition.  This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition.  *See* § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it).

Accordingly, it is **ORDERED** that the instant Petition be **DISMISSED** without prejudice because the District Court lacks jurisdiction to consider a second habeas petition that has not been permitted by the appellate court.[3]  If Petitioner wishes to pursue another federal habeas application, he should do so by seeking permission from the Eleventh Circuit Court of Appeals before filing any more habeas petitions with this Court.  The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit for a petitioner to seek a second or successive habeas petition ("28 U.S.C. § 2244(b) Application").

**SO ORDERED**, this 3rd day of March 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**

---

[3] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)).  Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.